IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANCIS M. SELPH,**

    Plaintiff,

vs.                                                                                              Civ. No. 03-458 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed November 25, 2003. Docket No. 12. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

**I. PROCEDURAL RECORD**

    Plaintiff, Francis Selph, applied for Disability Insurance Benefits on August 6, 2001 alleging that he was disabled on April 21, 2000. Tr. 64-67 and 88. However, Plaintiff was only insured for benefits through December 31, 1999. Tr. 76. Plaintiff was allowed to amend his alleged onset date to May 15, 1995. The relevant period in therefore from May 15, 1995, the date Plaintiff now alleges he became disabled, through December 31, 1999, the date the Plaintiff was last insured. O'Dell v. Shalala, 44 F.3d 855, 857 (10th Cir. 1994). On October 21, 2002, the Administrative Law Judge

1

("ALJ") issued his decision that Plaintiff's impairments did not prevent him from returning to his past relevant work as an attorney. Tr. 14. The ALJ found that Plaintiff was not disabled at step four of the sequential evaluation process. Tr. 14. The Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 4-5. The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on April 15, 2003.

Plaintiff was fifty-eight years old on the date he was last insured. Tr. 65. He has a law degree and practiced law almost eighteen years. Tr. 89 and 97.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security

Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was hospitalized in November of 1995 for back pain and extremity numbness. X-rays showed mild degenerative arthritic changes at L4-5 and L5-S1. Tr. 138. There was some question at this time as to whether Plaintiff had experienced a transient ischemic attack. Later tests by the Veteran's Administration ruled this out. In November of 1995, an MRI of Plaintiff's brain was normal. Chest x-rays showed no abnormalities. Tr. 239-240. Vascular studies were normal. In August of 2001, his physician thought these events were more epileptic in nature rather than ischemic. Tr. 163.

Plaintiff underwent an MRI of his back in October of 1997. The MRI showed degenerative change of T12-L-1, L4-5 and L5-S1. It also showed a disc protrusion at L4-5 and evidence of an annular tear, and a mild bulge at L5-S1. However there was no nerve root impingement. Tr. 238.

In December of 1997, an x-ray showed significant degenerative disc disease at C5-6 and C6-7. Tr. 237.

Plaintiff received Veteran's Administration disability benefits in November of 1997 of 30% based on his back. Tests performed in 2000 demonstrated little change or progression in this conditions. Tr. 234. Over the years, Plaintiff's physicians recommended only conservative treatment for his back condition.

In March of 1999, Plaintiff was diagnosed with diabetes that was controlled by diet. Tr. 214. In August of 2001, it was noted that his diabetes was under good control. Tr. 165.

During the relevant time period, Plaintiff was prescribed Prozac, Amitriptyline and Elavil for depression and post traumatic stress syndrome. Tr. 132, 216 and 295.

## IV. DISCUSSION

Plaintiff asserts the ALJ's credibility determination is not supported by substantial evidence; that the ALJ's finding that Plaintiff's mental impairment was not severe is not supported by substantial evidence; and that the ALJ inappropriately determined that the Plaintiff could perform his past relevant work.

Credibility determination.

The ALJ found that Plaintiff's "subjective complaints are generally found to be credible. However, from a functional standpoint they did not impose disabling limitations during the period under consideration..." Tr. 13.

Plaintiff asserts that Defendant failed to address the findings by the Veteran's Administration that Plaintiff was 30% disabled due to his back problems, specifically degenerative disc disease and osteoarthritis of the cervical spine. The ALJ specifically noted this finding of disability in his

4

decision. Tr. 13. Moreover, a finding of 30% disability supports a finding that Plaintiff was not disabled from doing any work.

Plaintiff also asserts that the ALJ "ignored" Plaintiff's testimony about his limitations caused by back pain. Memorandum in Support of Motion, p. 8. Specifically, Plaintiff refers to Plaintiff's testimony regarding having to stand up in the courtroom and not being able to provide communion as a Eucharistic minister. The ALJ did not refer precisely to this testimony. The ALJ is not required to mention all the evidence in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.") In this case, it is clear that the ALJ considered Plaintiff's testimony concerning his limitations. The ALJ wrote that Plaintiff's "back condition reasonably imposed limitations on his exertional abilities..." Tr. 13. However, these limitations were properly found to not be disabling. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990)(to be disabling, pain must be so severe as to preclude any substantial gainful employment). Moreover, the ALJ "closely and affirmatively" linked his findings to the substantial evidence. Huston v. Bowen, 838 F.2d 1133 (10th Cir. 1988). The ALJ found that Plaintiff's back pain "did not seem to have an appreciate adverse impact on is ability to engage in legal work, and is not mentioned in the medical record as a predominant reason why he quit working at the time he did. His intent to pursue alternate work is also supportive that his back problems were not a significant factor in his vocational consideration." Tr. 13. The record shows that Plaintiff worked as an attorney through at least 1999 and that he stopped practicing law in 2000 because of stress. Tr. 198, 199 and 207. Moreover, Plaintiff specifically stated on a March 8, 2001 mental assessment that he had left an eighteen year law practice nine months prior. Tr. 185. The "confusing nature of this information" was properly

5

noted by the ALJ. Tr. 11.

Moreover, the ALJ noted that Plaintiff's physicians only prescribed "conservative treatment" for his back pain and that in 1999 Plaintiff reported he obtained relief from a back massager. Id.

Mental impairment.

Plaintiff asserts that the ALJ's finding that Plaintiff's mental impairment was not severe is not supported by substantial evidence. The ALJ found that "there is negligible evidence regarding the presence of a mental disorder" during the period that Plaintiff was insured. Tr. 12. Further, the ALJ found that the Plaintiff "does not seem to have sought focused mental health treatment until July 2000." Tr. 12. Prior to Plaintiff's DBI, the evidence is that Plaintiff was prescribed Prozac for depression and he was diagnosed with post traumatic stress syndrome. Tr. 120, 139, 146, 242, 215-216. Plaintiff failed to produce the evidence to support his allegation of disability. Flint v. Sullivan, 951 F.2d 264 (10th Cir. 1991)(lack of objective medical evidence may lead to denial of benefits); Potter v. Secretary of Health and Human Services, 905 F.2d 1346, 1349 (10th Cir. 1990)(the relevant analysis is whether Plaintiff was actually disabled prior to the expiration of her insured status...a retrospective diagnosis without evidence of an actual disability is insufficient).

Past relevant work.

Plaintiff asserts that the ALJ erred in evaluating whether he could perform his past relevant work as an attorney. At step four the ALJ must conduct a three phase analysis and make findings regarding: (1) the claimant's residual functional capacity, (2) the physical and mental demands of prior jobs or occupations, and (3) the ability of the claimant to return to the past job or occupation given his RFC. Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996).

Plaintiff contends that the ALJ erred in not including Plaintiff's mental impairment in step one.

6

As discussed above, the substantial evidence supports the ALJ's findings that this impairment is not severe and thus does not need to be considered in determining Plaintiff's RFC.  Again, the Plaintiff also contends that the ALJ erred in not considering Plaintiff's mental and physical limitations in step two.  Plaintiff is mistaken.  At this step, the ALJ determines the demands of the Plaintiff's past relevant work.  If a claimant can perform his past relevant work either as he performed it in the past or as it is generally performed in the national economy, the ALJ will find the claimant not disabled. Andrade v. Secretary of HHS, 985 F.2d 1045, 1050 (10th Cir. 1993).  These demands are well documented in Plaintiff's statements.  Tr. 89 and 98. However, it is unclear from the decision has to what the ALJ relied on in making his finding at step two. Chappell v. Chater, 1996 U.S. App. LEXIS 27254 (10th Cir. 1996)(unpublished) *citing* Rapp v. United States Dep't of Treasury, 52 F.3d 1510, 1515 (10th Cir. 1995)(reviewing court may not compensate for deficiencies in an agency's decision "by supplying a reasoned basis for the agency's action that the agency itself has not given.").

     Moreover, Plaintiff contends that the ALJ did not make a sufficient finding at step three.  The ALJ found that Plaintiff had the RFC for "light" work and that "the exertional requirements of [Plaintiff's past relevant work] are compatible with Mr. Selph's residual functional capacity." Tr. 14.  Again, the ALJ's reasoning is not clear from the decision.  There is no comparison of Plaintiff's limitations with the physical demands of his past relevant work.  Therefore, the court must remand this case so that the ALJ may make the necessary findings regarding Plaintiff's specific limitations, the exertional demands of Plaintiff's past relevant work and Plaintiff's ability to perform that work despite his limitations, comparing Plaintiff's specific limitations with the physical demands of the work.

     **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand

Administrative Decision is granted in part.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**